UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROL GIARDINA, WIFE OF/AND RONALD GIARDINA | CIVIL ACTION |
| VERSUS | No. 06-6415 |
| ALLSTATE INSURANCE COMPANY, ET AL | SECTION "C" |

### ORDER

Before this Court is a Motion to Remand filed by the Plaintiffs, Carol and Ronald Giardina ("Plaintiffs") (Rec. Doc. 12). Defendant, Allstate Insurance Company ("Allstate") opposes the motion, alleging fraudulent joinder of the non-diverse defendants. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED.**

### I. BACKGROUND

The Plaintiffs owned the property located at Route 6 Box 185 G. Hessler Street, New Orleans, Louisiana. In 1992, the Plaintiffs procured homeowners' insurance on the property from Allstate. Then in 1997 Don Adoue ("Adoue") became their Allstate agent. The Plaintiffs claim that, during his tenure as their Allstate agent, Adoue "[took] it upon himself to readjust [their] policy to increase the amount of coverage on the subject property." See, Rec. Doc. 12.

Allstate, on the other hand, disputes this allegation and asserts that the policy limits were automatically increased in accordance with Allstate's inflation protection procedure.  See, Rec. Doc. 14.

On August 29, 2005, Hurricane Katrina made landfall in Southeast Louisiana.  The Plaintiffs claim that the storm caused damage to their insured property.  The damage was evaluated for Allstate by Mrutynjaya Pani ("Pani"), an engineer employed by Parson Brinckerhoff engineering firm.  According to the Plaintiffs, Pani reviewed the damage from photographs alone, without ever visiting their property, and concluded that the damage was caused by flood waters.  As a result, Allstate refused to fully pay Plaintiffs' claims under their homeowners' insurance policy.  Plaintiffs assert that the damage to their home was not caused by flood waters, thus Allstate wrongfully refused their claim.

Thus, Plaintiffs instituted this suit in the Civil District Court for the Parish of Orleans, State of Louisiana.  Allstate subsequently removed the action to this court asserting diversity subject matter jurisdiction.  Accordingly, Allstate claims that the Louisiana defendants, Adoue and Pani, were fraudulently joined.  The Plaintiffs filed this motion to remand asserting that they were not.

## II. ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006).  The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  See, 28 U.S.C. §

1332 (2006). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. See, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995).

### A. Fraudulent Joinder

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); See also, *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.'" *Smallwood*, 352 F.3d at 223 (citing, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (citing, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002) (citing, *Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595

(M.D. La. 1983)).  The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants.  *Englande*, 206 F. Supp. 2d at 819 (citing *B., Inc.*, 663 F.2d at 545).  To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal.  *Englande,* 206 F. Supp. 2d at 816 (citing *Cavallini v. State Farm Mut. Augo Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995)).  Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand.  *Englande*, 206 F. Supp. 2d at 817. (citing *Cavallini*, 44 F.3d at 264).  Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the burden of demonstrating fraudulent joinder is a heavy one.  *Smallwood*, 352 F.3d at 222.

In its Notice of Removal (Rec. Doc. 1), Allstate presents alternate theories of why Adoue and Pani are fraudulently joined.  First, it contends that the claims against Adoue are preempted by Louisiana Revised Statute § 9:5606.  Secondly, Allstate claims that neither Adoue nor Pani owed any fiduciary duty to the Plaintiffs.  Allstate also alleges that Adoue was improperly joined because the Plaintiffs claims against Adoue are not related to the Plaintiffs' claims against Allstate.  Finally, Allstate claims that Pani actually is diverse in citizenship from the Plaintiffs.

### 1. Peremption

Allstate alleges that the claims against Adoue are perempted under Louisiana Revised Statute § 9:5606.[1]  Allstate claims that the Plaintiffs purchased the insurance policy in question

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
   A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged

over fourteen years ago and continuously renewed it through the 2005-2006.  Allstate alleges that the renewal policies were substantially similar to the original policy that was issued in 1992 and that Adoue was not even the agent who wrote that initial policy.  Also, Allstate claims that Adoue never decided to increase the policy limit or made any representations to the Plaintiffs about the adequacy of their coverage.  It asserts that any increases were accomplished automatically by Allstate's inflation protection procedure, rather than any actions of Adoue.  Furthermore, Allstate points out that the Plaintiffs do not allege that they had yearly discussions with Adoue about their insurance coverage.  As a result, Allstate argues that the renewals of the insurance policy did not constitute issuances of the policy and that Adoue never assumed any duty to the Plaintiffs.  Thus, it asserts that the three year peremption period of Louisiana Revised Statute § 9:5606 started running at the initial issuance of the policy and was never restarted.

In general, renewals of insurance policies do not operate to restart peremption.  *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)).  However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages.  *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04).  The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

---

action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Here, the Court finds that Allstate has not met its burden to establish that there is no reasonable basis to determine the renewals did not constitute acts that were separate and distinct from the original purchase of the insurance policy.[2]  The Plaintiffs allege that Adoue periodically increased their policy limits and that they relied on him to ensure that they had adequate insurance coverage.  It seems that the Plaintiffs were unaware of Allstate's automatic inflation protection increase in insurance coverage and there is no evidence that they were informed of this procedure.  Thus, they believed that their agent took it upon himself to acquire the increased policy limits.  The Plaintiffs may have been lulled into a sense of reliance on their agent by their lack of knowledge.  Therefore, Adoue's actions, or inactions, surrounding the periodic policy increases may have been a separate act of neglect sufficient to restart the peremptive period.  Thus, there is a reasonable possibility under Louisiana law that the claims against Adoue are not perempted by the three year period provided in Louisiana Revised Statute § 9:5606.

Louisiana Revised Statute § 9:5606 also provides for a one year peremptive period.  The Plaintiffs did not actually know about the alleged actions, omissions or neglect until sometime after October 2005, when the Plaintiffs' reported their claims to Allstate.  The suit was filed on September 25, 2005.  These dates show that the plaintiffs filed suit within one year of when it actually learned of the alleged actions, omissions or neglect.

Thus, the inquiry is when the Plaintiffs should have discovered the alleged actions, omissions or neglect.  Under Louisiana law, an insured has a duty to read his insurance policy

---

[2] The Court is assuming that the periodic increases coincided with the yearly policy renewals.  However, the Court's opinion is the same, even if they did not coincide because the periodic increases would substitute for policy renewals as the relevant time of the alleged action, negligence or omission.

and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686, 27,658 (La. App. 12/6/95) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La. App. 2 Cir. 1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La. App. 1 Cir. 1989)). The Plaintiffs alleges that they relied on Adoue to provide them with adequate insurance coverage. Rec. Doc. 1. As a result, the Plaintiffs claim that Adoue is liable to them if they did not have the proper insurance coverage. Arguably, the Plaintiffs could have discovered any gaps in their policy by carefully reading it when they first obtained the original policy in 1992 and/or when they received copies of their updated policies over the years. At the same time, without further factual development, the Court cannot determine whether the Plaintiffs were lulled into complacency by representations by Adoue. The facts may disclose that the Plaintiffs' reliance may be well-founded, regardless of the actual language of the policy, and that the Plaintiffs therefore is excused from its failure to discover the problem earlier.

## 2. Fiduciary Duty

Allstate also claims that Adoue and Pani are improperly joined because they did not owe a fiduciary duty to the Plaintiffs. Allstate argues that insurance agents do not have a duty to independently advise their clients about the availability or desirability of certain insurance coverages. However, Allstate does recognize that an insurance agent can assume such a duty by inducing the clients' justifiable reliance on the agent's representations about their coverage. Allstate claims that the plaintiffs did not justifiably rely on Adoue because Adoue was an exclusive Allstate agent and thus owed his duty to Allstate, not his clients. Furthermore, Allstate argues that the Plaintiffs did not make any specific inquiries about the adequacy of their insurance coverage and that the increases were automatic, suggesting that the Plaintiffs did not

justifiably rely on Adoue.  The Plaintiffs, on the other hand, claims that Adoue assumed the duty to advise them about the availability or limits of coverage and that he was responsible for ensuring that the periodic increases provided adequate insurance coverage.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)).  If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage.  *Id.*  However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client.  *Id,* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).

The Plaintiffs suggest that Adoue assumed such a greater duty.  The Plaintiffs claim that Adoue had a duty to be sure that the periodic increases provided adequate insurance coverage.  The Plaintiffs seem to assume that Adoue was responsible for these coverage increase and their lack of knowledge otherwise may have lulled them into a reliance on Adoue.  These allegations are sufficient to suggest that the Adoue assumed a greater duty than merely procuring insurance.  Insurance consumers go to insurance agents because of the agent's expertise in these matters.  Accordingly, the Court finds that Allstate has not established that there is no reasonable basis for the Plaintiffs claims against Adoue.

### 3. Misjoinder of Parties

Alternatively, Allstate claims that Adoue were improperly joined because the causes of action against him are not related to those against Allstate.  The Plaintiffs argue that the joinder is proper because the action seeks redress for the same injury, namely, the lack of insurance coverage.  The Plaintiffs allege that the claims arise out of the same basic facts and occurrence and both rely on the interpretation of the errors and omissions coverage policy.

In a similar case, *Southern Athletic Club*, Judge Lemmon relied on *Radlauer v. Great Northern Inc. Co.*, 2006 WL 1560791 (E.D.La. 2006) to find that there was no fraudulent joinder.  *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *4 (E.D.La. 2006).  Those cases both had only one plaintiff who was suing an insurance company, one adjustor and the insurance agent. Each Court found that there was a real connection between the claims and the parties, because the plaintiff sought recovery for the same injury.

This Court agrees with those decisions and finds that they are applicable to the case at bar.  Here, the Plaintiffs are suing the insurance company and their insurance agent.  All of the claims arise out of the insurance coverage that they obtained to cover their property.  Therefore, Adoue is not fraudulently misjoined and diversity jurisdiction is lacking. [3]

---

[3] Since the Court has concluded that Adoue, a Louisiana defendant, was not fraudulently joined, it is unnecessary to consider whether Pani was fraudulently joined.  The existence of one non-diverse defendant destroys diversity jurisdiction and the case must be remanded.

### III. <u>CONCLUSION</u>

For the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Remand is **GRANTED**.

New Orleans, Louisiana this 22nd day of November, 2006.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE